**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 9 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GLORIA MORALEZ, | No.   18-15126 |
| Plaintiff-Appellant, | D.C. No.<br>1:16-cv-00282-AWI-BAM |
| v. | |
| SONNY PERDUE, Secretary, United States Department of Agriculture, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted April 15, 2019[**]
San Francisco, California

Before:  D.W. NELSON, BEA, and N.R. SMITH, Circuit Judges.

Gloria Moralez appeals the district court's dismissal of her claims alleging

violations of the Equal Credit Opportunity Act (ECOA) and the Administrative

Procedures Act (APA). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court was correct to conclude that Moralez lacked prudential standing to bring her APA claim. When a debtor files for bankruptcy, "all legal or equitable interests of the debtor" become property of the estate. 11 U.S.C. § 541(a)(1). "The scope of section 541 is broad, and includes causes of action," *Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 707 (9th Cir. 1986)—including administrative appeals that have yet to be exhausted, *Dunmore v. United States*, 358 F.3d 1107, 1112 (9th Cir. 2004). Thus, if a debtor "fail[s] properly to schedule" a legal claim, that claim "belong[s] to the bankruptcy estate and [does] not revert to" the debtor. *Cusano v. Klein*, 264 F.3d 936, 945–46 (9th Cir. 2001). Moreover, property acquired after the filing of the petition but before the case is closed or dismissed is still property of the bankruptcy estate, 11 U.S.C. § 1207; debtors must amend their schedules accordingly if new legal claims arise.

Here, Moralez initially filed for Chapter 12 bankruptcy on January 24, 1992. She made payments on her bankruptcy plan for four years, and on January 16, 1997, the bankruptcy court discharged all debts provided for by the plan. At no time during the bankruptcy proceedings did Moralez amend her bankruptcy schedules to identify her claim against the United States Department of Agriculture (USDA). Furthermore, Moralez filed for bankruptcy twice more—on December 31, 1997 and May 21, 1998—but did not list any potential claim against the USDA in either proceeding. Her claim is therefore the property of her bankruptcy estate,

and she lacks prudential standing to bring it.

The same is true of Moralez's ECOA claim. Moralez's ECOA claim is based on alleged discriminatory denials of "loan and loan servicing applications" she filed in the 1980s and 1990s. All of those denials took place before Moralez's Chapter 12 bankruptcy was closed. As discussed, "[t]he bankruptcy code place[s] an affirmative duty on [the plaintiff] to schedule [her] assets and liabilities." *Cusano*, 264 F.3d at 945. Because Moralez did not schedule her claim, it "continues to belong to the bankruptcy estate," *id.*, and she cannot bring it in these proceedings.

**AFFIRMED.**